IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D.W.K., a minor, by MARY KALETA and DANIEL KALETA, individually as parents and next friends of D.W.K., ) ) ) ) ) | Case No. 14-cv-847-NJR-SCW |
| PLAINTIFFS, ) ) ) | |
| v. ) ) | |
| ABBOTT LABORATORIES, INC., ) ) | JURY TRIAL DEMANDED |
| DEFENDANT. ) ) | |

## FINAL PRETRIAL ORDER

This matter is before the Court at a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure:

   **I.**   **COUNSEL OF RECORD**

Plaintiffs' Counsel: Lead trial counsel for Plaintiffs are **John E. Williams, Jr.**, jwilliams@williamskherkher.com: Williams Kherkher Hart Boundas LLP, 8441 Gulf Freeway, Suite 600, Houston, Texas 77017-5051; Telephone: (713) 230-2200; and **Kenneth T. Fibich**, tfibich@fhl-law.com: Fibich Hampton Leebron Briggs & Josephson LLP, 1150 Bissonnet, Houston, Texas 77005; Telephone: (713) 751-0025.

Defendant's Counsel:  Lead trial counsel for Defendant are **Paul F. Strain**, pfstrain@venable.com, Venable LLP, 750 East Pratt Street, Suite 900, Baltimore, Maryland 21202; Telephone: (410) 244-7400; and **Dan H. Ball**, dhball@bryancave.com, Bryan Cave LLP, 211 North Broadway, Suite 3600, St. Louis, Missouri 63102; Telephone: (314) 259-2000.

## II. NATURE OF THE CASE[1]

This is a personal injury product liability and negligence action involving the prescription medication Depakote, manufactured, marketed and sold by Defendant Abbott Laboratories, Inc. ("Abbott"). Depakote is prescribed for persons with certain types of epileptic seizures. Mr. and Mrs. Kaleta bring this action on behalf of their minor child D.W.K. ("Plaintiffs"). Plaintiffs claim Minor Plaintiff D.W.K.'s mother, Plaintiff Mary Kaleta, was prescribed and took Depakote during her pregnancy with D.W.K. Plaintiffs claim that Minor Plaintiff D.W.K. was exposed to Depakote during his mother's pregnancy. Plaintiffs also claim that Minor Plaintiff D.W.K. was born with birth defects as a result.

Plaintiffs claim that Abbott failed to provide an adequate warning to Plaintiff Mary Kaleta and her physicians regarding the risks and use of Depakote, that Depakote was defectively designed, and that Abbott was negligent, breached express and implied warranties, committed fraud and misrepresentation, negligently and intentionally inflicted emotional distress, and that Abbott's conduct was willful and wanton. Plaintiffs seek recovery of damages from Abbott for the injuries and harm suffered by Minor Plaintiff D.W.K. in connection with his alleged birth defects.

Abbott claims that it adequately warned Mary Kaleta's physicians about the risks and use of Depakote during pregnancy, that it did not breach express or implied warranties, that it did not commit fraud or misrepresentation, that it did not negligently or intentionally inflict emotional distress, and that its conduct was not willful or wanton. Abbott further claims that Plaintiffs have not proved that D.W.K.'s injuries were caused by Depakote.

## III. SUBJECT MATTER JURISDICTION

   A. This is an action for damages related to a personal injury claim.

   B. The Seventh Circuit has deemed that the basis for the Court's subject matter jurisdiction is 28 U.S.C. § 1446 and the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, 28 U.S.C. §§ 1332(d) & 1453 ("CAFA").

## IV. UNCONTROVERTED FACTS

The following facts are not disputed and are agreed to by the parties:

- Depakote is an antiepileptic drug manufactured, marketed and sold by Abbott Laboratories, Inc.

---

[1] Defendant does not agree that is an appropriate summary of the Nature of the Case and therefore ask that it not be read to the jury. Moreover, this Final Pre-Trial Order applies to the captioned matter only. Should the Court want Final Pre-Trial Orders for the matters *J.F., A Minor, By Michelle Leal Individually And As Parent And Next Friend v. Abbott Laboratories, Inc.*, and/or *C.P., A Minor, and E.P., A Minor, By Roger Pyszkowski and Mindy Pyszkowski, Individually And As Parents And Next Friends Of C.P. and E.P. v. Abbott Laboratories, Inc.*, this Final Pre-Trial Order could be easily modified by the Parties for one or both of the cases.

- Depakote is also sometimes referred to by the chemical names "valproic acid," "valproate" or "VPA."

- Minor Plaintiff D.W.K. was born on December 21, 1999.

The parties propose to convey these facts to the jury through Counsel.

## V. CONTROVERTED FACTS

The following key facts are disputed by the parties:

- Whether Abbott adequately warned physicians regarding Depakote use.

- Whether Abbott was negligent, breached express and implied warranties, committed fraud and/or misrepresentation, negligently and/or intentionally inflicted emotional distress, and whether Abbott's conduct was willful and wanton.

- Whether Depakote was a cause of Minor Plaintiff D.W.K.'s injuries.

- The amount of damages, if any.

## VI. AGREED TO ISSUES OF LAW

The parties agree that the Court is to decide the following legal issues.

1. The parties agree that Illinois tort law governs this action and provides the remedies, if any, for Plaintiff D.W.K.'s injuries and harm, including punitive damages.

2. The summary judgment issues raised in Abbott's Motion for Summary Judgment and Motion for Summary Judgment on the Issue of Punitive Damages.

3. The *Daubert* and evidentiary issues raised in the parties' previously filed *Daubert* and *in limine* motions and the objections to deposition designations and exhibits raised by the parties.

## VII. WITNESSES

Plaintiffs respectfully suggest that the parties agree to identify witnesses during the previous trial day. Witnesses to be called on Monday will be disclosed at the end of the trial day on the preceding Friday.

Abbott respectfully suggests that the parties give 48 hours' notice as to when witnesses are to be called at trial. Witnesses to be called on Monday shall be disclosed by 6:00 p.m. on Friday.

Plaintiffs intend to call the following witnesses:

1. Expert Witnesses

    a. Cheryl D. Blume, Ph.D.
    b. Henry P. Brennan, Jr.
    c. David S. Gibson, MBA, CPA, MRC
    d. Darrell L. Henderson, M.D.
    e. Edward Lammer, M.D.
    f. Ira T. Lott, M.D.
    g. Lemuel Moye, M.D., Ph.D.
    h. Godfrey Oakley, Jr., M.D., M.S.P.M.
    i. Michael Smith, M.D.

2. Non-Expert Witnesses (including by deposition)

    a. Scott Anderson (Abbott Corporate Representative)
    b. Jeffrey Baker (Abbott Employee)
    c. Larry Carbone (Abbott Corporate Representative)
    d. Dr. James Embrescia (Abbott Rule 26 Witness & Abbott Corporate Representative)
    e. Brian Enright (Abbott Corporate Representative)
    f. Jason Fliegel (Abbott Corporate Representative)
    g. Kathy French (Fact Witness)
    h. Jeanne Fox (Abbott Employee)
    i. Jeffrey Haas (Abbott Corporate Representative)
    j. Mary Kay Freese Hahn (Abbott Corporate Representative)
    k. Tracey Heimberger (Abbott Vice President)
    l. Michael Jarvis (Abbott Corporate Representative)
    m. D.W.K. (Minor Plaintiff)
    n. Daniel W. Kaleta (Plaintiff and Minor Plaintiff's Father)
    o. Mary Kaleta (Plaintiff and Minor Plaintiff's Father)
    p. Michael LaFond (Abbott Corporate Representative)
    q. Scott Luce (Abbott Employee)
    r. Timothy K. McGonagle, M.D. (Prescribing Physician)
    s. Mark Mularski (Abbott Corporate Representative)
    t. Lee Muraoka (Abbott Rule 26 Witness & Abbott Corporate Representative)
    u. Michael Murray (Abbott Corporate Representative)
    v. Janette Orlich (Fact Witness)

4

    w.  Blasine Penkowski (Abbott Employee)
    x.  Brian Ralston, M.D. (Prescribing Physician)
    y.  Mary Kay Rybicki (Abbott Corporate Representative)
    z.  Cheri Spath (Abbott Employee)
    aa.  James Steck (Abbott Rule 26 Witness & Abbott Corporate Representative)
    bb.  Jesse Taber, M.D. (Prescribing Physician)
    cc.  Richard Tresley, M.D. (Abbott Employee)

Defendant intends to call the following witnesses:

1. Expert Witnesses

    a. John M. Graham, Jr., M.D.
    b. R. Mark Lewis, Ph.D.
    c. Martha Morrell, M.D.
    d. Joyce Robarge, R.N.
    e. Anthony Scialli, M.D.
    f. Lisa Thornton, M.D.

2. Non-Expert Witnesses

    a. Scott Anderson
    b. Jeffrey D. Baker
    c. James Embrescia, D.O.
    d. Brian Enright, Ph.D.
    e. Kathy French
    f. Jeanne M. Fox
    g. Jeffrey Haas
    h. Daniel Walter Kaleta
    i. Mary Kaleta
    j. Michael Jarvis, Ph.D.
    k. Scott Luce
    l. Timothy McGonagle, M.D.
    m. Mark Mularski
    n. Lee Muraoka
    o. Blasine Penkowski
    p. Brian Ralston, M.D.
    q. Mary Kay Rybicki
    r. James Steck
    s. Jesse Taber, M.D.
    t. Lisa Thornton, M.D.
    u. Richard Tresley, M.D., Ph.D.

## VIII. EXHIBITS

The parties filed pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(3) and this Court's Case Management Procedures on January 30, 2015. The parties have exchanged exhibit lists and have identified issues regarding the respective exhibit lists. The parties are working diligently to resolve these issues.

## IX. DAMAGES

Plaintiffs claim damages for past and future medical and life care expenses; future lost earning capacity; past and future pain, suffering and mental distress (both physical and mental); inconvenience, loss of intellectual gratification or physical enjoyment, and any other loss of lifestyle; physical disability; disfigurement; and all other non-economic damages, and punitive damages. Plaintiffs claim their damages that can be itemized are as follows:

| Type of Damages | Detailed Description of Damages Claimed |
|---|---|
| (1) Medical expenses already incurred | Payments for medical expenses already incurred and associated with Minor Plaintiff's D.W.K.'s injuries suffered as a result of his mother's ingestion of Depakote while pregnant with Minor Plaintiff D.W.K. These payments are reflected in the billing records produced. As of January 27, 2015, Plaintiffs have incurred at least $707,163 in medical expenses. |
| (2) Future expenses for medical care | As reflected in the expert report of Henry P. Brennan, Jr., (and as discounted by David S. Gibson, MBA, CPA, MRC), Minor Plaintiff D.W.K. will incur future expenses for medical and life care of $4,820,413 - $7,374,142.00. |
| (3) Future lost wages or reduced earning capacity | As reflected in the expert report of David S. Gibson, MBA, CPA, MRC, Minor Plaintiff D.W.K. will suffer lost earning capacity of $1,635,101.00 – $2,443,859.00. |
| (4) Other damages | Minor Plaintiff D.W.K.'s past and future: pain and suffering (both physical and mental); inconvenience, loss of intellectual gratification or physical enjoyment, and any other loss of lifestyle; loss of a normal life; disability; disfigurement; increased risk of harm; and all other non-economic damages to be determined by the jury. |
| | Punitive damages to be determined by the jury. |

Abbott denies all of Plaintiffs' allegations, and, accordingly, contends that Plaintiffs are not entitled to recover any damages from Abbott.

## X. BIFURCATED TRIAL

<u>Plaintiffs' Position</u>:

Plaintiffs contend that punitive damages are appropriate. However, Plaintiffs do not believe that a bifurcated trial is necessary.

<u>Abbott's Position</u>:

Defendant is seeking summary judgment on Plaintiffs' claim for punitive damages. Should that motion be denied, Defendant reserves its right to request a bifurcated trial.

## XI. TRIAL BRIEFS

<u>Plaintiffs' Position</u>:

Plaintiffs will be submitting their trial briefs, if any, in accordance with the Court's instructions.

<u>Abbott's Position</u>:

Given the extensive briefing of the summary judgment, *Daubert*, and evidentiary issues, Defendant seeks the Court's guidance as to whether the Court requires trial briefs.

## XII. MOTIONS *IN LIMINE*

The parties have filed motions *in limine* that are fully briefed and before this Court. Abbott also has pending motions for summary judgment on general liability issues and the issue of punitive damages.

## XIII. JURY INSTRUCTIONS

The parties will submit proposed jury instructions in accordance with this Court's Case Management Procedures.

**APPROVED AS TO FORM AND SUBSTANCE:**

      */s/ Christopher Cueto*
**Attorney for Plaintiff(s)**

    */s/ Dan H. Ball*
**Attorney for Defendant(s)**


**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action or before to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

    **IT IS SO ORDERED.**

    DATED:   February 9, 2015                s/ Nancy J. Rosenstengel
                                                                       NANCY J. ROSENSTENGEL
                                                                       United States District Judge