IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D.W.K., a minor, by DANIEL W. KALETA and MARY KALETA, individually as parents and next friends of D.W.K., <br><br>Plaintiffs, <br><br>v. <br><br>ABBOTT LABORATORIES INC., <br><br>Defendant. | Case No. 14-CV-847-NJR-SCW <br><br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' BENCH MEMORANDUM
REGARDING BURDEN OF PROOF FOR PUNITIVE DAMAGES**

Abbott argues that Plaintiffs cannot meet the burden of proving punitive damages by "clear and convincing evidence." While the jury could certainly find that Plaintiffs have demonstrated Abbott's willful and wanton conduct by clear and convincing evidence, Plaintiffs need not meet this burden. As explained by an Illinois appellate court and recognized by this District, the clear and convincing evidence standard that briefly applied to the recovery of punitive damages in Illinois was part of a statute that has been found unconstitutional. *See Best v. Taylor Mach. Works*, 689 N.E.2d 1057, 1100-01 (Ill. 1997) (finding certain provisions of the Civil Justice Reform Amendments of 1995 ("Act") to violate the Illinois Constitution and invalidating the remainder of the Act as not severable). "When a law is declared unconstitutional, the law as it existed prior to the enactment of the unconstitutional statute is to be given effect." *Brdar v. Cottrell, Inc.*, 867 N.E.2d 1085, 1102 (Ill. App. Ct. 2007) (citing *Mermelstein v. Rothner*, 812 N.E.2d 461, 462 n.1 (Ill. App. Ct. 2004)).

As the court in *Brdar* clearly explained:

> Case law predating the statute required only that plaintiffs demonstrate that the defendant's conduct was willful and wanton or outrageous or that the defendant acted with actual malice, fraud, deliberate violence, or gross negligence indicative of a wanton disregard for the rights of others. *Loitz v. Remington Arms Co.*, 563 N.E.2d 397, 402 (Ill. 1990) (relying on Restatement (Second) of Torts § 908, Comment b, at 464–65 (1979), and *Bresland v. Ideal Roller & Graphics Co.*, 501 N.E.2d 830, 839 (Ill. App. Ct. 1986)); *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359 (Ill. 1978); *Kochan v. Owens–Corning Fiberglass Corp.*, 610 N.E.2d 683, 691 (Ill. App. Ct. 1993). Most significantly, the clear-and-convincing-evidence standard is not applicable.

*Brdar*, 867 N.E.2d at 1102; *see also Ill. Terminal R.R. Co. v. Thompson*, 71 N.E. 328, 333 (Ill. 1904) (approving jury instruction that "left it to the discretion of the jury to impose whatever damages they might choose, even to the extent of allowing punitive damages," by a preponderance of the evidence.)

This District cited *Brdar* in denying a defendant's motion for summary judgment regarding punitive damages in a product liability action, explaining that *Brdar* acknowledged that this clear and convincing standard no longer applies. *See Rosenburg v. Cottrell, Inc.*, No. 05-545-MJR, 2007 WL 1228374, at *2 (S.D. Ill. Apr. 24, 2007). Recently, this District again found that the preponderance of the evidence standard applies, concluding that "this Court properly applied the preponderance standard to the punitive damages claims presented to the jury." *Jentz v. Conagra Foods, Inc.*, No. 10-cv-0474, 2013 WL 498786, at *18 (S.D. Ill. Feb. 8, 2013) (ruling on post-trial motions), *rev'd on other grounds*, 767 F.3d 688 (7th Cir. 2014).

Illinois courts' use of the preponderance standard for punitive damages is consistent with the "[c]onventional rule" that "parties to civil litigation need only prove their case by a preponderance of the evidence." *White v. Burlington N. & Santa Fe. Ry. Co.*, 364 F.3d 789, 805 (6th Cir. 2004) (finding preponderance of the evidence standard to apply in Title VII punitive damages claim); *see also Avery v. State Farm Auto. Ins. Co.*, 835 N.E.2d 801, 856 (Ill. 2005) ("In the ordinary civil case, because there are no sound reasons for favoring one party over

another, the party with the burden of persuasion must prove his or her case by a preponderance of the evidence."). "The United States Supreme Court [has] explained that exceptions to this general rule are uncommon and are ordinarily recognized only when taking unusual coercive action—action more dramatic than imposing an award of money damages or other conventional relief." *Jentz*, 2013 WL 498786, at *18 (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 253 (1989)). Accordingly, courts have declined to depart from this rule absent direction from a higher authority. *See, e.g.*, *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 282-83 (2d. Cir. 1990) (declining to apply a higher burden of proof than preponderance of the evidence for punitive damages in products liability case, finding that "such a change is best left for Congress or for higher judicial authority" (internal quotation marks omitted)).

## CONCLUSION

Plaintiffs respectfully request that the Court apply the burden of proof required by Illinois and this District, preponderance of the evidence.

>Respectfully submitted,
>
>By:  */s/ Christopher Cueto*
>Christopher Cueto
>Bar No.: 06192248
>Michael Gras
>Bar No.: 06303414
>
>LAW OFFICE OF CHRISTOPHER CUETO, LTD.
>7110 West Main Street
>Belleville, Illinois 62223
>Telephone: (618) 277-1554
>Facsimile: (618) 277-0962
>
>Ralph D. McBride
>Phillip L. Sampson, Jr.
>Heath A. Novosad
>Blair R. Loocke
>Nancy R. McEvily

BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

Jennifer Salim Richards
BRACEWELL & GIULIANI LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202
Telephone: (214) 468-3800
Facsimile: (214) 468-3888

John E. Williams, Jr.
John T. Boundas
Steven J. Kherkher
Sejal K. Brahmbhatt
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

William M. Audet
Joshua C. Ezrin
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

Jeff Meyer
THE MEYER LAW FIRM, P.C.
6363 Woodway Drive, Suite 720
Houston, Texas 77057
Telephone: (713) 974-4100
Facsimile: (713) 974-0225

Kenneth T. Fibich
Erin Copeland
FIBICH HAMPTON LEEBRON BRIGGS & JOSEPHSON, LLP
1150 Bissonnet
Houston, Texas 77005
Telephone: (713) 751-0025
Facsimile: (713) 751-0030

        Kathryn Harrington
        Mark Ekonen
        Amanda S. Williamson
        HENINGER GARRISON DAVIS, LLC
        2224 1st Avenue North
        P. O. Box 11310
        Birmingham, Alabama  35202
        Telephone:  (205) 326-3336
        Facsimile:  (205) 326-3332

        George Erick Rosemond
        ROSEMOND LAW GROUP, PC
        8441 Gulf Freeway, Suite 600
        Houston, Texas  77017
        Telephone:  (713) 230-2342
        Facsimile:  (713) 649-3470

        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      Pursuant to Rule 7.1 of the Local Rules of the Southern District of Illinois, I certify that a true and correct copy of the foregoing has been properly served upon Abbott Laboratories Inc. as required by the Federal Rules of Civil Procedure.

        */s/ Christopher Cueto*
        Christopher Cueto