IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| J.F., a minor, by BEATRICE SIFUENTES, next friend of J.F., | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-847-NJR-SCW |
| | ) |
| ABBOTT LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Nonparty Tracey Heimberger, M.D.'s Motion to Quash Subpoena (Doc. 513). On May 4, 2016, Plaintiff filed an opposition to the motion (Doc. 528). On May 20, 2016, Dr. Heimberger's counsel filed a reply brief (Doc. 534).[1]

Tracey Heimberger, M.D. ("Dr. Heimberger") moves to quash the trial subpoena served on the basis that it imposes an undue burden on her because any trial testimony would "duplicate testimony that she already provided over the course of two-plus days of deposition questioning." (Doc. 513, p. 1). Plaintiff has responded arguing that the mere fact that Dr. Heimberger has given a previous video deposition does not undercut the value of her testimony at trial, nor does it obviate the need for her to appear live at trial.

---

[1] The reply brief states that that "Plaintiffs' disregard of the legal standard for assessing the reasonableness of any trial subpoena issued to Dr. Heimberger and the utility of her deposition testimony as evidence during any trial in this case warrant this Reply." (Doc. 534, p. 1). Under Local Rule 7.1(c), "**[r]eply briefs are not favored and should be filed only in exceptional circumstances**." SDIL-LR 7.1 (c) (emphasis added). The Court can discern no "exceptional circumstances" that justify the filing of a reply brief. Accordingly, the reply brief will not be considered by the Court.

Pursuant to Federal Rule of Civil Procedure 45(c), a subpoena may command a person to attend a trial, hearing, or deposition only as follows:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

FED. R. CIV. P. 45(c)(1).

Rule 45 also provides that a court shall quash or modify a subpoena if it "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(iv). In analyzing whether compliance with a subpoena would be unduly burdensome, a court must ask whether "the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it." *See Northwestern Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). This test takes into account the following factors: (1) whether the party subpoenaed is a non-party in the underlying suit; (2) whether the information requested is relevant; (3) whether the party requesting the information has a substantial need for it; (4) whether the document request is overly broad; (5) whether the time period the request covers is reasonable; (6) whether the request is sufficiently particular; and (7) whether the request imposes a burden on the subpoenaed party.[2] *See American Soc. of Media Photographers, Inc. v. Google, Inc.*, No. 13-C-408, 2013 WL 1883204, at *2 (N.D. Ill. May 6, 2013); *see also Wi-Lan v. LG Electronics, Inc., et al.*, No. 10-CV-7721, 2011 WL 148058, at *2 (N.D. Ill. Jan. 18, 2011); *see also Whitlow v. Martin,* 263 F.R.D. 507, 512(C.D. Ill. 2009).

The party seeking to quash a subpoena bears the burden of establishing Rule 45(d)(3)(iv)'s requirements. *See Pacific Century Int'l, Ltd. v. Does 1-27*, 282 F.R.D. 189, 193 (N.D.

---

[2] The first, second, third, and seventh factors are the most relevant to the issue here.

Ill. 2012). The decision to grant, deny, or modify a motion to quash a subpoena is within the district court's discretion. *See Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008).

First, the parties dispute whether Dr. Heimberger is in fact a non-party to this underlying litigation. The reasoning behind the solicitude accorded to non-parties is that "although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations." *Uppal v. Rosalind Franklin University of Medicine and Science*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015). Although Dr. Heimberger was formerly employed with Abbott as Vice President of Pharmacovigilance, she has since retired from the company. Dr. Heimberger is definitely a non-party witness, but not in the traditional sense of the term, as her employment ended *after* this mass tort action began (and the Court notes that the pleadings on her behalf were filed by Abbott's counsel). Further, she is being called to testify regarding her extensive knowledge about the manufacture and sale of Depakote, as well as its safety profile, which is information that she gathered during her thirty year career with Abbott.

Plaintiff intends to ask Dr. Heimberger about her firsthand knowledge of Depakote's safety profile and Abbott's approach to that safety profile, which is definitely relevant to the issues in this case. Although Dr. Heimberger argues that her testimony will be cumulative because the parties have already obtained multiple days of video-recorded testimony, Plaintiff indicates that Dr. Heimberger's first deposition was not focused on one case or one time period. During the *Kaleta* trial, the undersigned personally experienced the challenges presented by deposition testimony that is generally applicable to all cases in this mass tort action. Further, Plaintiff also explains that some of Dr. Heimberger's deposition testimony

was evasive to the point that Magistrate Judge Williams ordered her to be deposed for an additional three hours (*see* Doc. 147 in Case No. 13-cv-324).

Significantly, Dr. Heimberger has not explained *how* she would be burdened by complying with Plaintiff's trial subpoena. She also has failed to set forth any reasons why compliance would cause her undue burden or substantial expense. As far as the Court is aware, Dr. Heimberger lives in Chicago and is presently retired. These facts alone certainly do not indicate any burden or substantial expense were Dr. Heimberger commanded to appear live at trial.

Dr. Heimberger cites to *Reddick v. Dillard Store Services, Inc.*, No. 08-844-CJP, 2010 WL 3025205, at *1 (S.D. Ill. Aug. 2, 2010), to support her argument, but the Court finds that case to be distinguishable. In *Reddick*, Magistrate Judge Proud quashed a subpoena for trial testimony reasoning that "requiring the doctor to travel from Oregon for trial--particularly when his deposition was videotaped—imposes undue burden and expense." Here, Dr. Heimberger resides in Chicago, which is within the state of Illinois and only about 300 miles away. As the Court has already explained, Dr. Heimberger has failed to indicate why traveling from Chicago to East St. Louis would cause her undue burden or substantial expense.

Accordingly, the Court **DENIES** Nonparty Tracey Heimberger, M.D.'s Motion to Quash Subpoena (Doc. 513).

**IT IS SO ORDERED.**

DATED: May 24, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**