IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J.F., a minor, by BEATRICE SIFUENTES, as next friend of J.F., | ) ) ) |
| Plaintiffs, | ) ) Case No. 14-cv-847-NJR-SCW |
| v. | ) ) ) |
| ABBOTT LABORATORIES INC., | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF J.F.'S SEALED OMNIBUS MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE OF CERTAIN SUBJECTS AT TRIAL**

For its response to Plaintiffs' Sealed Omnibus Motions *in Limine* to Exclude Evidence of Certain Subjects at Trial (Doc. 622) ("Sealed Omnibus MIL" or "Plaintiffs' Motion"), Defendant Abbott Laboratories Inc. states as follows.

**I.   Abbott does not presently intend to offer evidence directly related to J.F.'s mother being tested for or diagnosed with a STD. (Pls.' Sealed Omnibus MIL No. 15).**

Plaintiffs seek to exclude evidence that references Plaintiff Michelle Leal's being tested for or diagnosed with a sexually transmitted disease ("STD"). At present, Abbott does not intend to present evidence of Ms. Leal's being diagnosed with any STD during her pregnancy with J.F., but reserves its right, as the evidence develops, to approach the bench and address this issue (or any records that reference any STD) with the Court.

Further, as Plaintiffs concede (Pls.' Mot. at 2, n.3), the fact that some otherwise admissible documents, such as medical records, refer to Ms. Leal's diagnoses should not render them inadmissible. (*See, e.g.,* Ex. 1, 8/14/06 Medical Record (documenting Ms. Leal's verbalization of her understanding about need to "follow-up asap for pregnancy due to high risk"

1

resulting from use of three AEDs).) Inadmissible evidence about the diagnosis of Ms. Leal's STD, if any, can be redacted from such documents.

II. **The Court should address Plaintiffs' concerns about the independent medical examination conducted by Dr. Andrew Morgan during trial. (Pls.' Sealed Omnibus MIL No. 16).**

Plaintiffs' Motion broadly seeks to exclude "[a]ny evidence regarding the questioning of Michelle Leal by Abbott's expert Dr. Andrew Morgan beyond routine medical history questions and opinions stated by Dr. Morgan but not included in his report or deposition." (Pls.' Mot. at 2.) Plaintiffs' Motion should be denied as vague, because it is not clear what Plaintiffs seek to exclude. In the alternative, the Court should address Plaintiffs' concerns about Dr. Morgan's independent medical examination ("IME") during trial on a question-by-question basis, after Plaintiffs clarify their concerns.

To the extent Abbott can discern Plaintiffs' objections, they should be denied. Dr. Morgan is board-certified in pediatrics and neurodevelopmental disabilities. (*See* Expert Report of Andrew M. Morgan, M.D. (Doc. 473-4), at 1.) Dr. Morgan's IME of J.F.—including his interviewing Ms. Leal about J.F.—only included the examination necessary to render his expert opinions in this case. (*Id.*)

In their Motion, Plaintiffs set forth certain questions that Dr. Morgan asked Ms. Leal during his IME of J.F. They also set forth comments that Dr. Morgan expressed to Ms. Leal. It is unclear to Abbott why the questions or comments identified by Plaintiffs should be excluded. Plaintiffs have cited no authority to support whatever request for relief they have lodged. The information they identified came up during Dr. Morgan's routine examination of J.F. just as if Dr. Morgan saw J.F. and Ms. Leal in the office. In fact, Dr. Morgan clearly explained to Ms. Leal: "When I do these kind of evaluations, from my perspective although I have been retained

by the defense.  From my perspective *I do a typical exam that I would if you came to my office*."  (IME Tr. (Doc. 473-5), at 22 (emphasis added).)  Accordingly, the Court should address Plaintiffs' concerns about Dr. Morgan's opinions, methods, or other interactions with Ms. Leal during trial on a question-by-question basis after Plaintiffs have provided more clarity.

Moreover, to the extent Plaintiffs claim that Dr. Morgan's IME went beyond a routine medical examination, they are wrong.  Abbott invites the Court to review the entirety of the transcript attached to Plaintiffs' Motion (Doc. 473-5), not just the few snippets chosen by Plaintiffs for their Motion.  For example, although Plaintiffs reference questions by Dr. Morgan to Ms. Leal about whether J.F. is on medication for Attention Deficit Hyperactivity Disorder, Plaintiffs have claimed ADHD as an alleged injury in this lawsuit and seek damages for the treatment of that condition.  It was thus necessary for Dr. Morgan to explore how J.F. has been treated for his ADHD, including with medication.

Furthermore, in addition to explaining to Ms. Leal that his examination would be conducted just like it would be in the office, Dr. Morgan also explained: "I will make recommendations for you in terms of what I think you need to do independent on whatever else.  That's just the way I work.  I am not gonna sit here and listen to you and just ignore what you're telling me, that's not the way I work."  (*Id*.)  Thus, with respect to the opinions that Dr. Morgan expressed to Ms. Leal about J.F., Dr. Morgan expressed these opinions because that is how he conducts his examination.

Significantly, the opinions referenced by Plaintiffs are in Dr. Morgan's expert report.  (*See* Doc. 473-4.)  There is nothing inconsistent about what Dr. Morgan expressed to Ms. Leal during his examination and what he opined in his report.  Plaintiffs did not file a *Daubert* motion concerning Dr. Morgan nor have they identified anything to suggest that his examination was in

any way improper. The fact that Dr. Morgan conducted a thorough examination does not make it a proper subject for a motion *in limine*. For these reasons, Plaintiffs' Motion should be denied or the Court should address Plaintiffs' concerns about Dr. Morgan during trial on a question-by-question basis after Plaintiffs have provided more clarity.

Date: August 18, 2017

Respectfully submitted,

BRYAN CAVE LLP

By: */s/ Dan H. Ball*
Dan H. Ball
dhball@bryancave.com
Stefan A. Mallen
samallen@bryancave.com
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)

Joel H. Smith
joel.smith@bowmanandbrooke.com
Paula M. Burlison
paula.burlison@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1441 Main Street, Suite 1200
Columbia, SC 29201
(803) 726-7420 (telephone)
(803) 726-7421 (facsimile)

Paul F. Strain
pfstrain@venable.com
Stephen E. Marshall
semarshall@venable.com
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7400 (telephone)
(410) 244-7742 (facsimile)

*Attorneys for Abbott Laboratories Inc.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on August 18, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

                                                */s/ Dan H. Ball*