IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| H.B., a minor, by STACY BARTOLINI, individually and as parent and next friend of H.B., | )<br>)<br>)<br>) |
| | ) Case No. 17-cv-01146-SMY-SCW |
| Plaintiffs, | )<br>) JURY TRIAL DEMANDED |
| | ) ON ALL COUNTS |
| v. | )<br>) |
| ABBOTT LABORATORIES INC., | )<br>) |
| Defendant. | ) |
| | |
| J.F., a minor, by BEATRICE SIFUENTES, as next friend of J.F., | )<br>)<br>) |
| Plaintiffs, | ) Case No. 14-CV-847-NJR-SCW<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) ON ALL COUNTS |
| ABBOTT LABORATORIES INC., | )<br>) |
| Defendant. | ) |

**DEFENDANT ABBOTT LABORATORIES INC.'S MOTION FOR PROTECTIVE ORDER RELATING TO NON-PARTY WITNESS DR. TRACEY HEIMBERGER**

Dr. Tracey Heimberger, retired from Abbott/AbbVie for more than three years, recently has been subpoenaed for the 8th and 9th times in this litigation.[1] She has been subpoenaed to testify at the *Bartolini* trial on Friday, December 1 and the *Sifuentes* trial on Monday, December 4. Essentially she would be required to be out of town for the better part of a week. These subpoenas also follow approximately 17 hours of video deposition testimony she gave in 2014

---

[1] Dr. Heimberger has been previously subpoenaed to appear at trials scheduled to begin in February, June and September of 2016 and March, May, September (two trials) in 2017. Although on six occasions the trials were postponed (four times) or settled (twice) not long before trial, Dr. Heimberger experienced substantial disruption of her personal life in rearranging her schedule and in reviewing materials to be prepared to testify.

when she was questioned by three Plaintiff lawyers in her individual capacity, (*i.e.* a burden imposed by Plaintiffs and not by Abbott choosing to designate her as a company representative). The imposition on her personal time in retirement has been substantial and unwarranted. Plaintiffs have a duty under Rule 45 to avoid unnecessarily burdening a witness. Dr. Heimberger in this motion asks the Court to control and reduce the burden on her.

Specifically, Dr. Heimberger asks the Court to exercise its discretion and enter a protective order to reduce the burden posed by back-to-back out-of-town trial appearances. Dr. Heimberger is not asking the Court to quash the subpoenas so she does not have to testify at all.[2] Rather, she is asking the Court to order that her testimony for both cases be taken by video in advance of trial, before the special master, at a location near her residence in the Chicago area, and with a reasonable time limit.[3]

The relevant time period in *Sifuentes* and *Bartolini* largely overlap (March/April 2004 conception in *Bartolini* and May 2006 in *Sifuentes*). Thus, one deposition to cover both cases is workable, with editing as necessary for presentation to the jury in each case.

A video deposition serves the plaintiffs' interest in presenting her testimony to the jury and reduces the burden on Dr. Heimberger (although the burden to prepare for and give testimony will still be substantial). With the Court's encouragement, Abbott has agreed to pretrial video testimony of plaintiff experts because of non-specific scheduling conflicts (*e.g.* Dr. Blume in the *Bonner* case). Surely, an uncompensated retired witness should be accorded the same consideration.

---

[2] In view of the trial schedule for next year, a Motion to Quash future subpoenas may be entirely justified if plaintiffs persist in serving subpoenas on Dr. Heimberger.

[3] Based on the total length of her testimony in *Raquel* (about four hours), and the substantial identity of issues in *Sifuentes* and *Bartolini*, a total of four hours for plaintiffs' questioning and two hours for the defense should be reasonable.

Federal Rule of Civil Procedure 45(d)(1) provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid undue burden or expense on a person subject to the subpoena." Abbott's counsel, on behalf of Dr. Heimberger, asked Plaintiff's counsel to consent to the video deposition procedure requested here. This request was refused. Plaintiffs insist on Dr. Heimberger appearing in East St. Louis on December 1 and December 4 to give largely repetitive testimony.

The Court must weigh the benefits of the testimony against the burden on the witness. *Nw. Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 928 (7th Cir. 2004). In conducting this balancing process, courts look to several factors, including non-party status of the witness, relevance of the testimony and the need for the testimony. *Uppal v. Rosalind Franklin Univ.*, 124 F. Supp. 3d 811 (N.D. Ill. 2015). It is widely accepted that non-party witnesses should not be unduly burdened and the threshold is lowered for showing burden for that type of witness. *Wetherell v. Climate Master, Inc.*, 2009 WL 14470374 (S.D. Ill., May 27, 2004) ("Non-parties, in particular, are generally protected from undue burden and expense"); *Misc. Doc. Matter No. 1 v. Misc. Doc. Matter No. 2*, 197 F.3d 922, 926-27 (8th Cir. 1999) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs"); *City of Greenville v. Syngenta Crop Prot., Inc.*, 2011 WL 5118601, at *3 (C.D. Ill. Oct. 27, 2011) ("Non-party status is a significant factor when comparing the burden of compliance and the benefit of production.")

With respect to the relevancy and necessity of Dr. Heimberger's trial appearance, it should be noted that Dr. Heimberger has testified live in only one of six Depakote trials. In all other cases, excerpts of her video deposition testimony have been used. Plaintiffs thus cannot show a substantial need for her live testimony at trial.

Moreover, this Court has denied Abbott's request in *Raquel* and *Bartolini*, respectively, to compel videotaped trial depositions of the respective Plaintiff/biological mothers who Plaintiffs chose not to bring to trial. Thus, this Court has recognized that transcripts are sufficient for a party to present their case, and a party is not prejudiced when a witness is not live. And here, Abbott is offering more than Plaintiffs have offered Abbott – an opportunity to conduct the examination by video compared to *Raquel* and *Bartolini* where all Abbott had was the transcript.

In addition, in the *Raquel* trial where Dr. Heimberger testified live pursuant to subpoena, a not insignificant portion of the questioning by Plaintiff's counsel focused on collateral issues such as phone numbers and emails rather than the crucial issue of the adequacy of the warning. In addition, multiple topics covered at trial were the same as those covered in her prior video deposition. Again, the relevancy and need for live testimony do not outweigh the burden on the witness.

The *Manual for Complex Litigation* addresses this situation. It recognizes that "using videotaped deposition for witnesses likely to testify more than once" often is a good practice. *Manual for Complex Litigation*, *Fourth*, § 22.84 at 438, 439 (FJC 2004). *See also, In re Welding Fume Products Liab. Litig.*, 2010 WL 1433434 at *2 (finding Plaintiffs' stipulation of video trial testimony acceptable because if the company's 30(b)(6) designee had to testify live at every *Welding Fume* trial, the repeated bringing of *Welding Fume* cases by plaintiffs would create a burden on [the witness]").

Because of the November 27 trial setting, Dr. Heimberger and Abbott asks that plaintiffs be ordered to respond to this motion within five days and that the motion be set for hearing as soon as reasonably possible. Under these circumstances, it is clear that a pretrial video

deposition strikes the proper balance between the need for the testimony (not high) and the burden on the non-party witness (significant).  Accordingly, Dr. Heimberger requests the Court to enter a protective order so that her testimony may be given by video deposition rather than live appearances with repetitive testimony at two trials.

Date:  October 24, 2017

Respectfully submitted,

BRYAN CAVE LLP

By: */s/ Dan H. Ball*
Dan H. Ball
dhball@bryancave.com
Stefan A. Mallen
samallen@bryancave.com
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)

Joel H. Smith
joel.smith@bowmanandbrooke.com
Paula M. Burlison
Paula.burlison@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1441 Main Street, Suite 1200
Columbia, SC 29201
(803) 726-7420 (telephone)
(803) 726-7421 (facsimile)

Paul F. Strain
Stephen E. Marshall
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7400 (telephone)
(410) 244-7742 (facsimile)

*Attorneys for Defendant Abbott Laboratories Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 24, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

                                                       */s/ Dan H. Ball*