IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| J.F., a minor, by BEATRICE SIFUENTES as next friend of J.F., | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-847-NJR-SCW |
| | ) |
| ABBOTT LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Abbott's Amended Motion for Partial Summary Judgment ("Motion") for damages related to J.F.'s alleged autism and/or autism spectrum disorder (Doc. 590). Plaintiff filed a response in opposition to the Motion on May 1, 2017 (Doc. 628). For the reasons set forth below, the Court grants the Motion.

### BACKGROUND

On August 15, 2011, this case was filed in the Circuit Court of Cook County, and it was removed as part of the Depakote mass action on January 18, 2012 (Doc. 590, p. 2). Plaintiff claims that Depakote caused J.F.'s spina bifida, club foot, craniofacial dysmorphic features, tibial torsion, hypospadias, learning disabilities, hydrocephalus, Arnold Chiari II malformation, neurogenic bladder and bowel, scoliosis, global psychomotor developmental delay, and ADHD (Doc. 590, p. 4) (citing Doc. 590-1, p. 2). Previously, Abbott asserted that Plaintiff could not recover for behavioral disorders on the grounds that Depakote potentially caused cognitive, rather than behavioral,

disorders (Doc. 538, p. 5). Abbott has since dropped those claims after Plaintiff filed a response stating that J.F.'s behavioral problems resulted from his cognitive injuries, which were caused by Depakote (Doc. 548, pp. 3-4).

While Plaintiff has never filed any claim asserting that exposure to Depakote caused J.F.'s autism, a May 2016 medical record, produced in discovery, revealed that J.F. was diagnosed with "Autism Spectrum Disorder without Intellectual Disability or Language Impairment . . . ." (Doc. 590-2, p. 3). Abbott argues that Plaintiff should be unable to recover autism-related damages because he has failed to produce expert testimony demonstrating that Depakote proximately caused J.F.'s autism (Doc. 590, p. 4). Moreover, Plaintiff's expert, Dr. Olaf Bodamer, has "never included autism in the 'constellation of congenital defects' that he has attributed to J.F.'s alleged 'in utero exposure to Depakote.'" (Doc. 590, p. 1) (citing Doc. 590-1, p. 2). Plaintiff asserts that it "ha[s] not and will not claim that J.F. has autism as a result of Depakote exposure." (Doc. 628, p. 1). However, Plaintiff opposes Abbott's argument that autism should be considered by the jury as an alternative cause of J.F's damages (Doc. 628, p. 2).[1]

## DISCUSSION

Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). Once the movant has set forth the basis for summary

---

[1] Plaintiff moved to exclude potential arguments such as this one in its Motion *In Limine* to Exclude Evidence, Argument, and Testimony That Anything Other Than Depakote Caused J.F.'s Injuries on April 24, 2017 (Doc. 623) ("Motion to Exclude"). On August 18, 2017, Abbott filed its response in opposition to the Motion to Exclude (Doc. 670). Accordingly, the Court declines the arguments in this Order, subject to the fully briefed motion *in limine*.

judgment, the burden then shifts to the non-movant who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court should not grant summary judgment merely because the non-movant does not oppose the motion. The Court still "must find that [when] construing all material facts in the movant's favor as a result of the non-movant's defaulted filing, summary judgment is appropriate." *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992).

In order to recover in a negligence case, the plaintiff bears the burden of proving duty, breach of duty, proximate cause, and damages. *Ehrhart v. Lockformer Co.*, No. 02 C 7068, 2005 WL 1869731, at *1 (N.D. Ill. Aug. 2, 2005) (citing *Brown v. Baker*, 672 N.E.2d 69, 71 (Ill. App. Ct. 1996)). In its Motion, Abbott focuses exclusively on whether Plaintiff has satisfied his burden of proving proximate causation. *See Kleen v. Homak Mfg., Co.*, 749 N.E.2d 26, 29 (Ill. App. Ct. 2001) ("[P]roximate cause is one that produces an injury through a natural and continuous sequence of events unbroken by any effective intervening cause."). Expert testimony is necessary to establish proximate causation in cases where a drug manufacturer has failed to provide adequate warnings. *N. Trust Co. v. Upjohn Co.*, 572 N.E.2d 1030, 1036-37 (Ill. App. Ct. 1991). *See also Wintz v. Northrop Corp.*, 110 F.3d 508, 515 (7th Cir. 1997) ("Under Illinois law, to serve as the sole basis for a conclusion that an act was the proximate cause of the plaintiff's injury, an expert must be able to testify with a reasonable degree of medical certainty that proximate cause existed.").

Notwithstanding the fact that Plaintiff does not allege that Depakote caused J.F.'s autism, the record supports judgment as a matter of law for Abbott on the issue. Plaintiff's expert, Dr. Bodamer, has never included autism in the list of defects that J.F. allegedly suffered due to *in utero* exposure to Depakote. (Doc. 590, pp. 2-3). As explained above, an autism-related claim necessarily fails "in the absence of any other expert evidence supporting . . . [the] causation theory." *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 905 (7th Cir. 2007). Because Plaintiff has not provided expert testimony to prove proximate causation with respect to J.F.'s autism, Plaintiff cannot recover for autism-related damages due to Depakote exposure as a matter of law.

As to Plaintiff's claim that the jury should not be permitted to consider J.F.'s autism as an alternative cause of damages, the Court will address this issue when it rules on Plaintiff's Motion to Exclude (Doc. 623) and Abbott's response in opposition (Doc. 670).

## Conclusion

Accordingly, Abbott's Amended Motion for Partial Summary Judgment (Doc. 590) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:** November 15, 2017

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**