IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J.F., a minor, by BEATRICE SIFUENTES, as next friend of J.F., <br><br> Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES INC., <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 14-CV-847-NJR-SCW ) ) ) ) ) |

## FINAL PRETRIAL ORDER

This matter came before the Court for a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure on November 15, 2017. Trial will commence with preliminary jury selection on **Monday, November 27, 2017**, at 2 p.m., and formal *voir dire* on **Tuesday, November 28, 2017**, at 8:30 a.m.

### I. COUNSEL OF RECORD

Plaintiff's Counsel: Lead trial counsel for Plaintiff is **Phillip L. Sampson, Jr.,** Phillip.Sampson@Bracewell.com Bracewell LLP, 711 Louisiana, Suite 2300, Houston, Texas 77002; Telephone: 713-221-1307.

Defendant's Counsel: Lead trial counsel for Defendant are **Paul F. Strain**, pfstrain@venable.com, **Stephen E. Marshall**, semarshall@venable.com, Venable LLP, 750 East Pratt Street, Suite 900, Baltimore, Maryland 21202; Telephone: (410) 244-7400; **Jessica L. Grant**, jgrant@venable.com, Venable LLP, 505 Montgomery Street, Suite 1400, San Francisco, California 94111, Telephone: (415) 653-3750.

### II. NATURE OF THE CASE

This is a personal injury lawsuit involving the prescription medication Depakote, manufactured, marketed, and sold by Defendant Abbott Laboratories Inc. Depakote is prescribed for persons who experience epileptic seizures.

This action has been brought on behalf of a minor child, J.F. Plaintiff claims that J.F.'s mother, Michelle Leal, was prescribed and took Depakote during her pregnancy with J.F. Plaintiff claims that J.F. was exposed to Depakote throughout his mother's pregnancy. Plaintiff also claims that J.F. was born with birth defects as a result.

Plaintiff claims that Abbott failed to provide an adequate warning to Michelle Leal's prescribing physicians regarding the risks of Depakote. Plaintiff seeks recovery of damages from Abbott for the injuries and harm suffered by J.F. in connection with his alleged birth defects.

Abbott claims that it adequately warned Michelle Leal's physicians about the risks of Depakote during pregnancy. Abbott further claims that Plaintiff has not proved that the content of the warning caused J.F.'s injuries or that J.F.'s injuries were caused by Depakote.

### III.   SUBJECT MATTER JURISDICTION

A. This is an action for damages related to a personal injury claim.

B. The Seventh Circuit has deemed that the basis for the Court's subject matter jurisdiction is 28 U.S.C. § 1446 and the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, 28 U.S.C. §§ 1332(d) & 1453 ("CAFA").

### IV.   UNCONTROVERTED FACTS

The following facts are not disputed and are agreed to by the parties:

- Depakote is an antiepileptic drug manufactured, marketed, and sold by Abbott Laboratories Inc.

- Depakote is also sometimes referred to by the chemical names "valproic acid," "valproate" or "VPA."

- Depakote can cause spina bifida.

- Minor Plaintiff J.F. was born on February 7, 2007.

The parties propose that the Court convey these facts to the jury.

### V.   CONTROVERTED FACTS

The following key facts are disputed by the parties:

- Whether Abbott adequately warned prescribing physicians regarding Depakote use.

- Whether Abbott was negligent, breached express and implied warranties, committed fraud and/or misrepresentation, and whether Abbott's conduct was willful and wanton.

- Whether Depakote was a cause of J.F.'s injuries.

- Whether Abbott's alleged failure to warn or instruct was a proximate cause of J.F.'s injuries.

- The amount of damages, if any.

## VI. AGREED TO ISSUES OF LAW

1. The parties agree that Illinois tort law governs this action and provides the remedies, if any, for J.F.'s injuries and harm, including punitive damages.

2. The parties agree that the Court is to decide the following legal issues:

    A. The issues raised in the parties' *Daubert* and *in limine* motions.

    B. The objections to deposition designations and exhibits raised by the parties. The Court appointed the Honorable Daniel J. Stack as Special Master in this case to provide recommended rulings on, in part, deposition designations. (Docs. 585, 595).

## VII. WITNESSES

The parties agree to give 48 hours' notice as to when witnesses are to be called at trial. Witnesses to be called on Monday shall be disclosed by 6:00 p.m. on Friday. (This procedure was used during the *D.W.K.* trial and other Depakote trials.) The parties are discussing deadlines for the exchange with opposing counsel of graphics or demonstratives that will be used during the direct examination of a witness.

Plaintiff may present testimony from the following witnesses by deposition or live at trial:

1. Retained Expert Witnesses

    a. Cheryl D. Blume, Ph.D.
    b. Olaf Bodamer, M.D.
    c. Henry P. Brennan, Jr.
    d. David S. Gibson, MBA, CPA, MRC
    e. Ira T. Lott, M.D.
    f. Godfrey Oakley, Jr., M.D., M.S.P.M.

2. Other Witnesses (including by deposition)

    a. Scott Anderson (Abbott Corporate Representative)
    b. Jeffrey Baker (Abbott Employee)
    c. Cheryl Bonello (Fact Witness – Minor Plaintiff's Aunt)
    d. Larry Carbone (Abbott Corporate Representative)
    e. Dr. James Embrescia (Abbott Rule 26 Witness & Abbott Corporate Representative)
    f. Brian Enright
    g. Minor Plaintiff J.F.
    h. Luis Feliciano (Minor Plaintiff's father)
    i. Jason Fleigel
    j. Jeanne Fox (Abbott Employee)
    k. Jeffrey Haas
    l. Tracey Heimberger (Abbott Vice President)
    m. Kiery Jackson
    n. Michael Jarvis (Abbott Corporate Representative)
    o. Andres Kanner, M.D. (Fact Witness – Michelle Leal's Prescribing Doctor)
    p. Michael LaFond (Abbott Corporate Representative)
    q. James Lavery (Abbott Employee)
    r. Michelle Leal (Minor Plaintiff J.F.'s Mother)
    s. Jonathan Leal (Minor Plaintiff J.F.'s brother)
    t. Scott Luce (Abbott Employee)
    u. Kevin McRaith (Former Abbott Employee)
    v. Mark Mularski (Abbott Corporate Representative)
    w. Lee Muraoka (Abbott Rule 26 Witness & Abbott Corporate Representative)
    x. Michael Murray (Abbott Corporate Representative)
    y. Blasine Penkowski (Abbott Employee)

z. Marvin Rossi, M.D. (Fact Witness – Michelle Leal's Prescribing Doctor)
aa. Mary Kay Rybicki
bb. Charles Schwamlein, M.D. (Former Abbott Employee)
cc. Beatrice Sifuentes (Minor Plaintiff's Representative; Fact Witness – Minor Plaintiff's Great-Aunt)
dd. Cheri Spath (Abbott Employee)
ee. James Steck (Abbott Rule 26 Witness & Abbott Corporate Representative)
ff. Richard Tresley, M.D. (Abbott Employee)

Defendant may present testimony from the following witnesses by deposition or live at trial:

1. Retained Expert Witnesses

   a. R. Mark Lewis, Ph.D.*[1]
   b. Andrew Morgan, M.D.*
   c. Joyce Robarge, R.N.*
   d. Anthony Scialli, M.D.
   e. Gregory Bergey, M.D.*

2. Other Witnesses

   a. Scott Anderson**[2]
   b. Jeffrey D. Baker**
   c. James Embrescia, D.O.**
   d. Jeanne Fox**
   e. Jeffrey Haas**
   f. Michael Jarvis, Ph.D. **
   g. Andres Kanner, M.D.*
   h. James Lavery**
   i. Michael LaFond**
   j. Michelle Leal*
   k. Scott Luce**
   l. Mark Mularski**

---

[1] The witnesses whom Abbott expects to call have been identified with single asterisks.

[2] The witnesses whose testimony Abbott expects to present, if at all, during trial via counter-designation only have been identified with double asterisks.

      m. Lee Muraoka**
      n. Michael Murray**
      o. Blasine Penkowski**
      p. Marvin Rossi, M.D.*
      q. Beatrice Sifuentes**
      r. Cherilyn Spath**
      s. James Steck**
      t. Richard Tresley, M.D., Ph.D.**

## VIII. EXHIBITS

The parties initially filed pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(3) and this Court's Case Management Procedures on January 30, 2015. The parties most recently filed updated Rule 26(a)(2)(3) disclosures on April 18, 2017. The parties previously exchanged exhibit lists in advance of the 2016 trial settings for this case. The parties will exchange exhibit lists on November 3, 2017 pursuant to the Court's June 30, 2017 Order (Doc. 1010). The parties agree that objections to exhibits should be handled on a case-by-case basis.

Unless the Court determines otherwise, the parties will initially present any objections to exhibits used as part of designated deposition testimony for evaluation by Special Master Stack and present objections to other exhibits to the Court. Any party may request that the Court review and reconsider Special Master Stack's rulings.

## IX. DAMAGES

Plaintiff claims damages for past and future medical and life care expenses; future lost earning capacity; past and future pain, suffering and mental distress (both physical and mental); inconvenience, loss of intellectual gratification or physical enjoyment, and any other loss of lifestyle; physical disability; disfigurement; and all other non-economic damages, and punitive damages.

Plaintiff claims his damages that can be itemized are as follows:[3]

---

[3] Plaintiff reserves the right to amend or supplement his calculation of damages.

| Type of Damages | Detailed Description of Damages Claimed |
|---|---|
| (1) Medical expenses already incurred | Payments for medical expenses already incurred and associated with Minor Plaintiff J.F.'s injuries suffered as a result of his mother's ingestion of Depakote while pregnant with Minor Plaintiff J.F. These payments are reflected in the billing records produced. As of November 18, 2014, Plaintiff had incurred at least $438,948.09 in medical expenses. |
| (2) Future expenses for medical and life care | As reflected in the expert report of Henry P. Brennan, Jr., (and as discounted by David S. Gibson, MBA, CPA, MRC), Minor Plaintiff J.F. will incur future expenses for medical and life care of $1,515,351 - $4,468,404. |
| (3) Future lost wages or reduced earning capacity | As reflected in the expert report of David S. Gibson, MBA, CPA, MRC, Minor Plaintiff J.F. will suffer lost earning capacity of $1,506,813.00 – $2,163,178.00. |
| (4) Other damages | Minor Plaintiff J.F.'s past and future: pain and suffering (both physical and mental); inconvenience, loss of intellectual gratification or physical enjoyment, and any other loss of lifestyle; loss of a normal life; disability; disfigurement; increased risk of harm; and all other non-economic damages to be determined by the jury. |
|  | Punitive damages to be determined by the jury. |

Abbott denies all of Plaintiff's allegations, and, accordingly, contends that Plaintiff is not entitled to recover any damages from Abbott.

### X. BIFURCATED TRIAL

For the reasons explained on the record at the Final Pretrial Conference, if the Court finds it appropriate to instruct the jury on punitive damages, the issue will not be bifurcated from the finding of liability and compensatory damages.

## XI. TRIAL BRIEFS

The parties do not anticipate submitting separate trial briefs and may do so during trial only with leave of Court.

## XII. MOTIONS *IN LIMINE*

All pending motions *in limine* will be addressed in a separate written order.

## XIII. JURY INSTRUCTIONS

The parties have submitted proposed jury instructions. The Court will present counsel with a proposed packet of final instructions during the first week of trial, if not sooner.

**IT IS SO ORDERED.**

**DATED:** November 16, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**